UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**HBRANDON LEE FLAGNER,**

    **Plaintiff,**

    v.

**ANNETTE CHAMBERS-SMITH,** *et al.***,**

    **Defendants.**

Case Number 2:25-cv-904
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Chelsey M. Vascura

## OPINION AND ORDER

This matter is before the Court on an Order and Report and Recommendation issued by the Magistrate Judge. (ECF No. 6.) After conducting an initial screen of Plaintiff Hbrandon Lee Flagner's Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, the Magistrate Judge recommended that (1) Plaintiff be permitted to proceed on his free-exercise claim against Defendant Bravara and Hill in their official capacities for injunctive relief and against Defendant Tatman in her official and individual capacities for injunctive relief and damages, respectively, and (2) the rest of Plaintiff's claims be dismissed. (*Id.* PageID 105–06.) Plaintiff filed a timely Objection to the Order and Report and Recommendation. (ECF No. 8.)

For the reasons stated in this Opinion and Order, the Court **OVERRULES** Plaintiff's Objection (ECF No. 8) and **ADOPTS** and **AFFIRMS** the Magistrate Judge's Order and Report and Recommendation (ECF No. 6).

## BACKGROUND

Plaintiff, an Ohio inmate who is proceeding *pro se*, filed suit against several Defendants: Annette Chambers-Smith, Director of the Ohio Department of Rehabilitation and Correction ("ODRC"); S. Evans, Office of the Chief Investigator, ODRC; S. Clemmons, Institutional

Investigator at Pickaway Correctional Institution ("PCI"); Ms. Bravara, Food Service Manager at PCI; Ms. Hill, Food Service Supervisor at PCI; and Michelle Tatman, State Dietician, ODRC. (ECF Nos. 1-1, 3-1, 6.) Plaintiff alleges that Defendants violated his First Amendment to the United States Constitution and equal protection rights and brings claims under 42 U.S.C. § 1983. (ECF Nos. 1-1, 3-1, 6.) Plaintiff is a follower of Judaism and alleges that he was deprived of items he needed for his Seder meal for Passover at Pickaway Correctional Institution. (ECF Nos. 1-1, 3-1, 6.) Plaintiff also alleges that he was denied participation in certain holiday meals because of his religious beliefs and kosher status. (ECF Nos. 1-1, 3-1, 6.)

On her initial screen, the Magistrate Judge concluded that Plaintiff had alleged a plausible claim under the First Amendment based on his challenge to Defendants' policy that recurringly impacts Jewish inmates' free exercise of religion every year at Passover against Defendants Bravara and Hill in their official capacities for injunctive relief and Defendant Tatman in her official and individual capacities for injunctive relief and damages, respectively. (ECF No. 6, PageID 102–03, 104.) The Magistrate Judge found that Plaintiff's remaining claims fail for various reasons: (1) Plaintiff's claims against Defendants in their official capacity for damages are barred by the doctrine of sovereign immunity, (2) to the extent Plaintiff's free exercise claim is based on Defendants' failure to provide him with two Seder meals, the claim fails because short-term or limited denials of religious meals are *de minimis* and Plaintiff did not allege that this conduct substantially burdened his sincere beliefs, (3) Plaintiff's free exercise claim fails against Defendants Chambers-Smith, Evans, and Clemmons because Plaintiff did not allege that those Defendants were adequately involved with the alleged constitutional violation, and (4) Plaintiff did not state a plausible equal protection claim because he did not allege that he was treated differently from similarly situated inmates. (ECF No. 6, PageID 100–05.)

Plaintiff argues in his Objection that he should be permitted to proceed on his First Amendment claims against Defendant Tatman in her official capacity and individual capacity, that the denial of seder meals on the first two days of Passover substantially burdened his sincere belief and his right to practice his belief, and that he should be permitted to proceed on his equal protection claim because he alleged that the Jewish population is similarly situated to the general population. (ECF No. 8.)

## LEGAL STANDARD

If a party objects within the allotted time to a report and recommendation, the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The federal *in forma pauperis* statute, 28 U.S.C. § 1915, is "designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (citing *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342–43 (1948)). Recognizing, however, that a litigant whose costs are assumed by the public "lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits," Congress authorized federal courts to dismiss certain claims sua sponte. *Id.* 28 U.S.C. § 1915(e)(2) provides that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal –
(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or
(iii) seeks monetary relief against a defendant who is immune from such relief."

Similarly, Congress enacted 28 U.S.C. § 1915A as part of the Prison Litigation Reform Act to "discourage prisoners from filing claims that are unlikely to succeed." *Crawford-El v.*

*Britton*, 523 U.S. 574, 596–97 (1998). Congress directed courts to "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Subsection (b) provides:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

Complaints must also satisfy Federal Rule of Civil Procedure 8(a), requiring a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The standards that the Supreme Court has articulated governing dismissals under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim apply to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd. P'ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013) (emphasis in original).

In evaluating a complaint to determine whether it states a claim upon which relief can be granted under Rule 12(b)(6), a court must construe it in favor of the plaintiff, accept the factual allegations contained in the pleading as true, and determine whether the factual allegations present any plausible claim. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although a plaintiff's complaint need not

4

contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Twombly*, 550 U.S. at 555 (internal citation omitted).

"Pro se complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be construed liberally." *Garrett v. Belmont Cnty. Sherriff's Dep't*, 374 F. App'x 612, 614 (6th Cir. 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Still, "a pro se pleading must provide the opposing party with notice of the relief sought, and it is not within the purview of the district court to conjure up claims never presented." *Frengler v. Gen. Motors*, 482 F. App'x 975, 977 (6th Cir. 2012).

**ANALYSIS**

Plaintiff makes three arguments in his Objection to the Magistrate Judge's Order and Report and Recommendation: two related to his First Amendment free exercise claim and one related to his Fourteenth Amendment equal protection claim. (ECF No. 8.) First, Plaintiff argues that he should be permitted to proceed on his First Amendment claim against Defendant Tatman in her official and individual capacities. (*Id.* PageID 109–10.) The Magistrate Judge recommended that Plaintiff be permitted to do exactly that: proceed on his free exercise claim under the First Amendment against Defendant Tatman in her official and individual capacities for injunctive relief and damages, respectively. (ECF No. 6, PageID 95, 104, 105–06.)

Second, Plaintiff argues that the denial of Seder meals on the first two days of Passover substantially burdened his sincere belief and his right to practice his religious beliefs. (ECF No. 8, PageID 110.) As the Magistrate Judge explained, to state a free exercise claim, an inmate must allege that the defendant substantially burdened his sincerely held religious belief, but short-term or limited denials of religious meals are *de minimis* and do not constitute substantial burdens.

5

(ECF No. 6, PageID 101–02); *Mustin v. Wainwright*, No. 23-3671, 2024 WL 3950810, at *2 (6th Cir. Aug. 27, 2024); *Greenberg v. Hill*, No. 2:07-CV-1076, 2009 WL 890521, at *7–8 (S.D. Ohio Mar. 31, 2009) (concluding that denying a Jewish inmate a full Seder meal on two occasions did not give rise to a free exercise claim); *Resch v. Rink*, No. 2:21-cv-227, 2022 WL 794849, at *4 (W.D. Mich. Mar. 16, 2022) (concluding that a three-day denial of Passover meals was not actionable under the First Amendment); *Lewis v. Greason*, No. 2:21-cv-11939, 2023 WL 8896274, at *6 (E.D. Mich. July 20, 2023) (concluding that a temporary lack of kosher meals did not constitute a constitutional violation), *adopted and aff'd*, 2024 WL 245530 (E.D. Mich. Jan. 23, 2024). Therefore, Plaintiff's allegations that he was denied Seder meals on the first two days of Passover are insufficient to plead a plausible First Amendment claim. However, as discussed above, Plaintiff may pursue a First Amendment claim based on his challenge to a policy that recurringly impacts Jewish inmates' free exercise of religion every year at Passover. (ECF No. 6, PageID 102–03.)

Third, Plaintiff argues that he should be permitted to proceed on his equal protection claim because he "alleges that the Jewish population is similarly situated to the general population" and "[i]f special meals can be procur[]ed for the general population, th[e]n special meals can be procur[]ed for the Jewish population." (ECF No. 8, PageID 110–11.) The Equal Protection Clause "embodies the principle that all persons similarly situated should be treated alike." *Scarbrough v. Morgan Cnty. Bd. of Educ.*, 470 F.3d 250, 260 (6th Cir. 2006). As the Magistrate Judge explained, however, inmates with religious dietary requirements are not similarly situated to inmates in the general population for equal protection claims related to diet because their meals must comply with different requirements. (ECF No. 6, PageID 104–05); *Pleasant-Bey v. Tenn. Dep't of Corr.*, No. 18-5424, 2019 WL 11880267, at *4 (6th Cir. Apr. 4,

6

2019) ("The district court correctly concluded that [the plaintiff] could not maintain an equal protection claim comparing the treatment of Muslim inmates and general population inmates because those groups were not similarly situated with respect to religious diets and fasting."). Therefore, Plaintiff has not compared or shown a difference in treatment between people who are alike in all relevant aspects, which is required to allege a plausible equal protection claim under the Fourteenth Amendment.

## CONCLUSION

For the reasons set forth above, the Court **OVERRULES** (ECF No. 8) Plaintiff's Objection and **ADOPTS** and **AFFIRMS** (ECF No. 6) the Magistrate Judge's Order and Report and Recommendation. Plaintiff is permitted to proceed on his free-exercise claim against Defendants Bravara and Hill in their official capacities for injunctive relief and against Defendant Tatman in her official and individual capacities for injunctive relief and damages, respectively. The Court **DISMISSES** the rest of Plaintiff's claims. The Clerk is **DIRECTED** to terminate Defendants Annette Chambers-Smith, S. Evans, and S. Clemmons from this case.

The Clerk is **DIRECTED** to mail a copy of this Opinion and Order to Plaintiff Hbrandon Lee Flagner (#188-413) at Pickaway Correctional Institution, P.O. Box 209, Orient, Ohio 43146.

This case remains open.

**IT IS SO ORDERED.**

<u>1/16/2026</u>                                          <u>s/Edmund A. Sargus, Jr.</u>
**DATE**                                                 **EDMUND A. SARGUS, JR.**
                                                               **UNITED STATES DISTRICT JUDGE**