**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**HBRANDON LEE FLAGNER,**

**Plaintiff,**

**v.**

**Civil Action 2:25-cv-904**
**Judge Edmund A. Sargus, Jr.**
**Magistrate Judge Chelsey M. Vascura**

**MS. BRAVARA, *et al.*,**

**Defendants.**

**<u>REPORT AND RECOMMENDATION</u>**

Plaintiff, Hbrandon Lee Flagner, an Ohio inmate who is proceeding without the assistance of counsel, sues various employees of the Ohio Department of Rehabilitation and Correction ("ODRC") and the Pickaway Correctional Institute ("PCI") under 42 U.S.C. for violation of his First Amendment free exercise rights. This matter is before the Court of Interested Party the State of Ohio's Motion to Dismiss (ECF No. 22). For the reasons below, it is **RECOMMENDED** that the Motion be **GRANTED** and that this case be **DISMISSED WITHOUT PREJUDICE**.

## I. BACKGROUND

Plaintiff adheres to Judaism and to certain related dietary restrictions. Plaintiff alleges that on April 12, 2025, he was denied some of the uncontaminated items he needed for his Passover Seder meal by Defendant Bravara because those items were not authorized by the prison's Dietary Operations Manager, Defendant Tatman. (Compl., ECF No. 1–1, PAGEID #18.) The same thing happened the following day when Plaintiff attempted to pick up his Seder meal.

(*Id.*) Plaintiff filed an informal complaint, but Defendant Hill denied the complaint and failed to correct the problem. (*Id.*; Grievance, ECF No. 1-2, PAGEID #22.) Plaintiff escalated his informal complaint to a grievance, but non-party Investigator Clemmons confirmed with Hill that kosher meal procedures had been followed and that decisions about the contents of Seder meals were determined by ODRC's Operation Support Center. (ECF No. 1-2, PAGEID #24.) Therefore, Plaintiff's complaints about the unauthorized items for Seder meals could not be addressed through the grievance process. (*Id.*) Plaintiff appealed to non-party Chief Investigator Evans who upheld Investigator Clemmons' findings. (*Id.* at PAGEID #23, 21.)

Plaintiff commenced this action on August 12, 2025. (ECF No. 1.) After an initial screen of Plaintiff's Complaint under 28 U.S.C. §§ 1915, 1915A, Plaintiff was permitted to proceed on his claims for violation of his First Amendment free-exercise rights against Defendants Bravara and Hill in their official capacities for injunctive relief and against Defendant Tatman in her official and individual capacities for injunctive relief and damages, respectively. (ECF Nos. 6, 10.) Interested Party the State of Ohio, on behalf of unserved Defendant Tatman, now moves to dismiss Plaintiff's claims for failure to state a claim on which relief can be granted. (ECF No. 22.) The State argues that Plaintiff cannot connect his injury to a prison or state policy, and that Plaintiff failed to exhaust his administrative remedies prior to filing suit. (*Id.*) Plaintiff filed a memorandum in opposition and the State of Ohio filed a reply. (ECF Nos. 30, 34.)

Plaintiff also filed a second memorandum in opposition on June 10, 2026 (ECF No. 39), which the State of Ohio moves to strike as an improper sur-reply (ECF No. 41). Although this Court's local rules do not permit the filing of sur-replies without leave of Court (S.D. Ohio Civ. R. 7.2(a)(2)), the State of Ohio's motion to strike (ECF No. 41) is **DENIED** owing to Plaintiff's *pro se* status and the Court's preference for deciding cases on the merits rather than

technicalities. *See*, *e.g.*, *Teft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982). The undersigned has considered Plaintiff's sur-reply in ruling on the Motion to Dismiss.

## II. STANDARD OF REVIEW

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd*., *P'Ship v. Flagstar Bank*, *F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "detailed factual allegations, a pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). A complaint will not "suffice if it tenders naked assertion devoid of further factual enhancement." *Id.* (cleaned up). Instead, in order to state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face." *Id*. (cleaned up). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "to less stringent standards than formal pleadings drafted by lawyers." *Garrett v. Belmont Cty. Sheriff's Dep't*, 374 F. App'x 612, 614 (6th Cir. 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient

treatment, however, has limits; "courts should not have to guess at the nature of the claim asserted." *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

## III. ANALYSIS

The undersigned finds that Plaintiff failed to exhaust his administrative remedies prior to filing suit, requiring dismissal of this action in its entirety.[1]

Before commencing an action under 42 U.S.C. § 1983, prisoners are required by the the Prison Litigation Reform Act, 42 U.S.C. § 1997e ("PLRA") to exhaust their administrative remedies. As the Sixth Circuit Court of Appeals has explained:

> The Prison Litigation Reform Act requires state prisoners to follow and exhaust all applicable state grievance procedures before filing suit in federal court. *See* 42 U.S.C. 1997e(a); *Woodford v. Ngo*, 548 U.S. 82, 90 [ ] (2006). This requirement is not jurisdictional; rather, exhaustion is an affirmative defense that must be pleaded and proved by the defendants. *Jones* [*v. Bock*], 549 U.S. [199,] 212 [(2007)]. When the defendants in prisoner civil rights litigation move for summary judgment on administrative exhaustion grounds, they must prove that no reasonable jury could find that the plaintiff exhausted his administrative remedies. *Surles v. Andison*, 678 F.3d 452, 455-56 (6th Cir. 2012).
>
> There is no uniform federal exhaustion standard. A prisoner exhausts his remedies when he complies with the grievance procedures put forward by his correctional institution. *Jones*, 549 U.S. at 217-19[ ]. "This court requires an inmate to make 'affirmative efforts to comply with the administrative procedures,' and analyzes whether 'those efforts to exhaust were sufficient under the circumstances.'" *Risher* [*v. Lappin*], 639 F.3d [236,] 240 [(6th Cir. 2011)] (quoting *Napier v Laurel Cty.*, 636 F.3d 218, 224 (6th Cir. 2011)).

*Mattox v. Edelman*, 851 F.3d 583, 590 (6th Cir. 2017).

The purpose of the exhaustion requirement "is to allow prison officials 'a fair opportunity' to address grievances on the merits, to correct prison errors that can and should be

[1] Because Plaintiff's failure to exhaust administrative remedies is dispositive, the undersigned need not consider the State of Ohio's remaining arguments for dismissal.

corrected and to create an administrative record for those disputes that eventually end up in court." *Id.* at 591 (quoting *Reed-Bey v. Pramstaller*, 603 F.3d 322, 324-25 (6th Cir. 2010)).

In Ohio, the general grievance procedures are set forth in Ohio Administrative Code § 5120–9–31. This regulation creates a three-step process governing requests by inmates for relief "relating to any aspect of institutional life that directly and personally affects the [inmate]." O.A.C. § 5120-9-31(A), (J). The first step requires an inmate to "file an informal complaint to the direct supervisor of the staff member, or department most directly responsible for the particular subject matter of the complaint." O.A.C. § 5120-9-31(J)(1). If the inmate is dissatisfied with the result, he may file a formal grievance with the inspector of institutional services at his institution. O.A.C. § 5120-9-31(J)(2). If an inmate remains dissatisfied, he may file an appeal to the office of the chief inspector. O.A.C. § 5120-9-31(J)(3). An inmate has not exhausted his remedies under § 5120-9-31 until he has received a decision on his appeal to the office of the chief inspector. *Younker v. Ohio State Univ. Med. Ctr.*, No. 2:11-cv-00749, 2013 WL 3222902, at *4 (S.D. Ohio June 25, 2013).

However, "[t]he inmate grievance procedure will not serve as an additional or substitute appeal process for . . . those issues or actions which already include a separate appeal mechanism beyond the institution level." O.A.C. § 5120-9-31(B). And Ohio Department of Rehabilitation and Correction Policy 72-REG-02, Religious Accommodations, provides its own mechanism for disputes related to "the creation of a special diet, a religious 'feast' menu, or . . . the purchase of special foods (e.g., kosher, halal, etc.) not currently offered." 72-REG-02 § (VI)(H)(1). For such matters, inmates must file a religious accommodations request with the prison chaplain. (*Id.* at § (VI)(G). The chaplain must make a recommendation to the prison's Religious Accommodation Review Committee, which in turn must make a recommendation to the managing

officer/designee, which in turn must make a recommendation and forward all materials relating to the accommodation request to the Ohio Department of Rehabilitation and Correction's Religious Services Administrator for a final decision. (*Id.* at §§ (VI)(G)(4)–(10).) The inmate may appeal this final decision to the Religious Services Administrator, who "shall consult with the regional directors, the regional security administrators, the [Security Threat Group] coordinator, food service managers, dieticians, and any other person whose expertise might be relevant, in order to arrive at the final decision on any appeal or objection." (*Id.* at §§ (VI)(G)(11), (VI)(I).

Here, it is undisputed that Plaintiff followed the general grievance procedure, not the more specific procedure in place for religious accommodations under 72-REG-02. Plaintiff therefore has not "complie[d] with the grievance procedures put forward by his correctional institution." *Mattox*, 851 F.3d at 590. And "a court may not excuse a failure to exhaust," *Ross v. Blake*, 578 U.S. 632, 639 (2016), even if such failure was caused "by his ignorance of the law or the grievance policy." *Napier v. Laurel Cty.*, 636 F.3d 218, 221 n.2 (6th Cir. 2011). Plaintiff's claims must therefore be dismissed. And although Interested Party the State of Ohio filed its Motion to Dismiss only on behalf of Defendant Tatman, Plaintiff's failure to exhaust is equally fatal to his claims against Defendants Hill and Bravara. Accordingly, the undersigned recommends dismissal of this case in its entirety under 28 U.S.C. § 1915(e)(2) ("the court shall dismiss [a case brought by a plaintiff proceeding *in forma pauperis*] at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted").

## IV. DISPOSITION

For the reasons above, Interested Party the State of Ohio's Motion to Strike (ECF No. 41) is **DENIED**. **I**t is **RECOMMENDED** that Interested Party the State of Ohio's Motion to Dismiss (ECF No. 22) be **GRANTED** and that this action be **DISMISSED WITHOUT**

**PREJUDICE** for failure to properly exhaust administrative remedies. As a result, it is further **RECOMMENDED** that Plaintiff's Motion to Amend Official Case Caption (ECF No. 40) and Plaintiff's Motion for Extension of Time to Serve (ECF No. 44) be **DENIED AS MOOT**.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE